**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

AUG 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIELA PASCUAL-JUAN,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  18-70007<br><br>Agency No. A206-847-037<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 17, 2020
San Francisco, California

Before:  TASHIMA and HURWITZ, Circuit Judges, and MARSHALL,[**] District
Judge.

Mariela Pascual-Juan, a thirteen-year-old native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing her appeal from the order of an immigration judge ("IJ") denying an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Consuelo B. Marshall, United States District Judge for
the Central District of California, sitting by designation.

application for asylum and withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252 and grant the petition.

1.      An applicant for asylum and withholding of removal must demonstrate a well-founded fear or likelihood of future persecution, respectively.  *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018).  Past persecution creates a rebuttable presumption of future persecution.  *Id.*  Because she is a child, the harm Mariela fears or has suffered "may be relatively less than that of an adult and still qualify as persecution." *Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045–46 (9th Cir. 2007) (cleaned up).  "It is well established that physical violence is persecution."  *Ming Dai v. Sessions*, 884 F.3d 858, 870 (9th Cir. 2018) (cleaned up).

The IJ misstated the record in concluding that Mariela suffered from only one incident of physical violence in Guatemala.  Mariela's father, mother, and aunt all stated that she was regularly beaten during her one-and-a-half years at school, which culminated in classmates throwing stones at her head.  Contrary to the IJ's decision, the father, whom the IJ found credible, did not testify otherwise.  Instead, he stated that although Mariela was not abused "when she started school," she was regularly subjected to physical violence thereafter.

When a child applies for asylum and withholding of removal, injuries to the

---

[1]     Mariela did not contest the IJ's denial of her application for protection under the Convention Against Torture before the BIA.

family should also be considered as part of the past persecution claim if they "were perceived when the petitioner was a child." *Hernandez-Ortiz*, 496 F.3d at 1046. Mariela's father was severely beaten for campaigning on behalf of an Evangelical political candidate and her mother was sexually assaulted while being verbally harassed for her religion. The IJ erred by not considering these incidents in determining past persecution.

2. The agency also erred in analyzing the likelihood of future persecution. Contrary to the IJ's decision, Mariela was not required to identify specific individuals or groups that would persecute her. Our caselaw requires only circumstantial evidence of a persecutor's identity or motives, *see Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006), and there was copious evidence of persecution of native Evangelicals in Guatemala. The IJ also failed to consider acts of violence against Mariela's parents. *See Korablina v. INS*, 158 F.3d 1038, 1043, 1046 (9th Cir. 1998). Mariela's parents claimed they suffered from a long history of violence in Guatemala because of their ethnicity and religion.

**PETITION FOR REVIEW GRANTED and REMANDED.**[2]

---

[2] Although Mariela argues that we should find her eligible for asylum and withholding of removal, the IJ pretermitted several issues concerning eligibility, including the Guatemalan government's inability or unwillingness to provide protection and the possibility of internal relocation. In contrast to *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004), the government submitted evidence relevant to these issues before the IJ, so the agency should address these issues in the first instance. *See Coronado v. Holder*, 759 F.3d 977, 987 (9th Cir. 2014)

("[U]nder the ordinary remand rule, we are not permitted to decide a claim that the immigration court has not considered in the first instance." (cleaned up)).